UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY AT PIKEVILLE
CIVIL ACTION NO. 7:12-CV-00103

**LINDA SMITH,** **PLAINTIFF,**

VS

**KMART CORPORATION
AND
UNKNOWN EMPLOYEES OF
KMART CORPORATION,** **DEFENDANTS.**

### RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Comes now Defendant Kmart Corporation, by counsel, and for its Response to the Plaintiff's motion to remand, states as follows:

### COUNTERSTATEMENT OF FACTS

On June 19, 2012, an action was commenced against this Defendant in the Circuit Court of Pike County, Commonwealth of Kentucky styled *Linda Smith vs. Kmart Corporation and Unknown Employees of Kmart Corporation, Case No. 12-CI-00787*.

This Defendant removed the above-described action to this Court under the provisions of Title 28, United States Code, §1332 and pursuant to the provisions of Title 28,United States Code, §1441, in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

The controversy herein between the Plaintiff and this Defendant is founded on allegations of negligence and is one in which this Court maintains original jurisdiction pursuant to 28 USC §1332, as the Plaintiff Linda Smith is a citizen of the Commonwealth of Kentucky and this Defendant is incorporated in the state of Michigan and has its principal place of business in Illinois. Further, the citizenship of the "Unknown Employees of Kmart Corporation" was disregarded in the diversity determination pursuant to 28 USC §1441(b).

Although the Plaintiff did not plead a specific amount of monetary damages in her ad damnum clause, based on allegations in the complaint by the Plaintiff, this Defendant believes the amount in controversy as claimed by the Plaintiff, exclusive of interest and costs, exceeds the sum of $75,000.00.  The following facts were used by this Defendant in forming this belief: (a) the Plaintiff has provided information to Kmart Corporation that she sustained a torn meniscus in her knee which has required surgery and physical therapy; (b) the Plaintiff's complaint avers she has sustained a permanent injury and has incurred medical bills in the past and will incur future medical bills; (c) the Plaintiff's complaint also avers she has lost wages and has sustained a future impairment of her power to earn money; and (d) a settlement demand exceeding this Court's jurisdictional limits was made by Plaintiff prior to her filing suit.

The Plaintiff has now filed a motion to remand this case back to Pike Circuit Court claiming the removal was premature and improper.  For the reasons stated below, this Defendant disagrees and requests that the Plaintiff's motion be overruled.

## ARGUMENT

**I.     This case was properly removed to federal court because there is complete diversity between the parties herein.**

In her motion to remand, the Plaintiff argues that the "Unknown Defendants" of Kmart are integral to this action and their proper joinder defeats diversity.  In support of this argument, the Plaintiff contends that she has plead her claims and causes of action in such a way that the identity of the "Unknown Defendants" cannot reasonably be questioned.  However, this Defendant argues that the Plaintiff's description of the "unknown defendants" in her Complaint is too vague and ambiguous to defeat diversity in this case.

The Plaintiff correctly states that there is an exception to the restriction in 28 USC 1441(b) under certain circumstances; however, those circumstances do not exist in our case.  Subsection (1) of section 1441(b) states, "In determining whether a civil action is removable on

the basis of the jurisdiction under section 1332(a) [i.e., diversity jurisdiction] of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  However, in **Musial v. PTC Alliance**, 2008 WL 2559300 (2008), a case cited by the Plaintiff for the above-described assertion, the District Court for the Western District of Kentucky held that this restriction does not apply where the pleadings provide a description of a fictitious defendant in such a way that his identity could not be reasonably questioned.  **Id.**, at 3.

In **Musial**, the fictitious defendant, "John Doe," was described in the complaint as the employee of the defendant who loaded the pipe into the decedent's trailer and who is a citizen of Kentucky.  **Id.**, at 2.  The District Court for the Western District of Kentucky determined the defendant was in a better position to ascertain the citizenship of its employee and either had or should have had full knowledge of the identity of the employee who loaded the decedent's trailer with pipe.  **Id.**, at 4.  Thus, the District Court concluded that the plaintiff provided a description of the "John Doe" defendant in such a way that his identity could not reasonably be questioned.  **Id.**  Based on this conclusion and the specific description of the fictitious defendant in the complaint, the District Court held that the citizenship of the "John Doe" defendant should be taken into account for diversity purposes despite the language in 28 USC 1441(b) stating it should be disregarded.  **Id.**  The court remanded the action to state court because the "John Doe" defendant was alleged to be a citizen of Kentucky, which defeated diversity.  **Id.**

The **Musial** case differs from ours in that Linda Smith failed to provide a sufficient description of the "Unknown Kmart Employees" in her Complaint so that their identity could not be reasonably questioned.  "If an examination of the allegations in the complaint reveals them to be so general that they give no clue as to whom they could pertain, then the parties sought to be joined under these allegations should be disregarded for the purposes of determining diversity jurisdiction."  **Asher v. Pacific Power & Light Co.**, 249 F.Supp. 671,

676 (D.C.Cal., 1965). In **Asher**, the District Court for the Northern District of California explained that the "allegations in the complaint...are extremely general. They could apply with equal force to any employee of [Defendant], or for that matter to anyone, employee or otherwise, who could in any way be considered to have been involved in the acts which are the subject of this complaint." **Id.** Accordingly, the Court held that the fictitious defendants would be disregarded for purposes of determining diversity jurisdiction. **Id.**

Here, the Plaintiff merely pleads that the Unknown Employees of K-Mart Corporation are "believed to be…residents of the Commonwealth of Kentucky…[who] failed to make known the slippery substance of Kmart floor before [Plaintiff] slipped…[and] were employees, agents, servants and representatives of K-Mart…" (Plaintiff's Complaint, 3, 13, 14). This description is vague and ambiguous, unlike the description analyzed in **Musial, supra.** that specifically describes a single person who performed a particular task on the date of the accident and whose identity could likely be revealed through the employer's records.

The Plaintiff's description of the fictitious defendants herein is similar to the description analyzed in **Asher, supra.**, as it could apply with equal force to any K-Mart employee who worked on the day of the Plaintiff's fall, including those employees who were in no way responsible for the alleged presence of the "slippery substance" on the floor. At this time, there is no way for this Defendant to identify those employees, if any, who may have been responsible for the alleged slippery substance on the floor. The Plaintiff failed to provide a description of the fictitious defendants sufficient to give a clue as to there identity and, therefore, their identities can be reasonably questioned. Accordingly, the circumstances identified by the Plaintiff that would give rise to the exception to the restriction contained in 28 USC 1441(b) do not exist in this case and the citizenship of the fictitious defendants herein should be disregarded for the purpose of determining diversity jurisdiction.

Based on all the above, the Pike Circuit Court properly disregarded the citizenship of said unknown defendants in determining that removal of this action was appropriate because the parties herein are completely diverse.

## II. This Defendant has provided competent proof showing the amount-in-controversy exceeds $75,000.

The Plaintiff's last settlement demand prior to litigation was in excess of $75,000. The Plaintiff claims this demand is somehow confidential and cannot be revealed to this Court without citation to any authority and with no such agreement made herein by the Defendant. Rule 408 of the Federal Rules of Evidence is inapplicable in this regard as it prohibits the use of compromise offers to a jury as evidence. *See* **FRE 408**. However, FRE Rule 408(b) "does not require the exclusion [of compromise evidence] when the evidence is offered for another purpose..." **FRE 408(b)**. Pursuant to FRE 408, the District Court for the Northern District of Oklahoma held that offering "compromise evidence" for the purpose of showing that the amount in controversy exceeds the jurisdictional limits in order to establish removal jurisdiction is acceptable. **Archer v. Kelly**, 271 F. Supp. 2d 1320, 1323 (N.D. Okla., 2003). In that opinion, the court reasoned that the compromise evidence was not being offered as an admission of liability or the amount of liability, that the purpose of FRE 408 was not undermined by the use of such evidence in a notice of removal, and that without such evidence the defendants would risk waiving their right to remove the case. **Id.** Accordingly, this Defendant's disclosure of the Plaintiff's last settlement demand to this Court was proper under the circumstances.

The Plaintiff is claiming a torn meniscus in her knee that required surgery and has provided the Defendant with claimed medical specials exceeding $30,000. The Plaintiff is also claiming damages for future medical treatment and past and future pain and suffering. If the Plaintiff is willing to sign a stipulation, and file it with this Court and the state court, stating she will not seek nor collect more than $74,999 in damages in this matter, then Defendant Kmart

will agree to have this matter remanded to state court. Absent this, it is clear the Plaintiff is seeking to collect more than $75,000 in damages in this matter.

**WHEREFORE**, this Defendant prays that the Plaintiff's motion for remand be overruled.

Respectfully submitted this 17th day of October, 2012.

> /s/ Christopher A. Conley
> Christopher A. Conley (#83330)
> Campbell Woods, PLLC
> 1640 Carter Avenue; P. O. Box 1862
> Ashland, KY 41105-1862
> Phone (606) 329-1974; Fax (606) 324-2025
> Counsel for Defendant

### Certificate of Service

I do hereby certify that on October 17, 2012, I electronically filed the foregoing Response to Plaintiff's Motion to Remand with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Shane Hall, Esq.
Shane Hall Attorney at Law, PLLC
P. O. Drawer 472
Pikeville, KY 41502
Counsel for Plaintiff

/s/ Christopher A. Conley
Christopher A. Conley (#83330)