UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:12-CV-103-KKC

LINDA SMITH                                                                                                    PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

KMART CORPORATION and
UNKNOWN EMPLOYEES OF KMART CORPORATION                              DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the Motion to Remand filed by Plaintiff Linda Smith. (DE 6.)  Because there is complete diversity of citizenship and because a fair reading of the complaint makes it more likely than not that the amount in controversy exceeds $75,000, Plaintiff's Motion will be DENIED.

**I.  Background**

Smith filed a complaint in Pike County Circuit Court against Defendants, Kmart Corporation and Unknown Employees of Kmart Corporation, on June 19, 2012, alleging negligence on the part of the Defendants.  Plaintiff alleges that on June 23, 2011, she slipped and fell on a foreign substance on the floor of the K-Mart in Pikeville, Kentucky.  The Complaint did not specify the exact amount of damages sought.  (DE 1-2.)

Kmart filed a Notice of Removal on August 31, 2012, asserting that this Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the matter in controversy exceeds $75,000.  (DE 1.)  On September 28, 2012, Smith filed this Motion to Remand pursuant to 28 U.S.C. § 1447(c) asserting that the action lacks complete

1

diversity and that Kmart has not sufficiently established that the amount in controversy exceeds $75,000.

## II. Analysis

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over cases in which the controversy is between citizens of different states and the amount in controversy exceeds $75,000. As the removing party, Kmart bears the burden of proving the existence of federal jurisdiction. *Eastman v. Marine Mech. Corp,* 438 F.3d 544, 550 (6th Cir. 2006). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statement should be strictly construed and all doubts resolved in favor of remand." *Id.* (alteration in original) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996)).

### A. Complete Diversity of Parties

Smith asserts there is no diversity of citizenship because the Unknown Employees are citizens of Kentucky. Kmart argues against remand because the Unknown Employees are fictitious and their citizenship should be disregarded. 28 U.S.C. § 1441(b)("the citizenship of defendants sued under fictitious names shall be disregarded."). *See also Riddle v. Lowe's Home Centers, Inc.*, 802 F. Supp. 2d 900, 904 (M.D. Tenn. 2011)("The citizenship of John Doe, a fictitious defendant, cannot be considered for the purpose of determining whether to remand a case founded upon diversity jurisdiction."), *aff'd* No. 11-5972 (6th Cir. April 2, 2012)(slip copy)(not recommended for full-text publication). "Once [an] individual is properly joined, the court's diversity jurisdiction [would] be destroyed and a remand order [would] be proper pursuant to 28 U.S.C. § 1447(c)." *Id.* (quoting *Lampton v. Columbia Sussex Corp.*, 10-CV-11922, 2010 WL 3075752 (E.D. Mich. Aug. 5, 2010)). The Supreme Court has instructed that

2

federal legislation governing the jurisdiction of federal courts – such as § 1441 – be strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (citing *Shamrock*, 313 U.S. at 108-09).  The Sixth Circuit has done so, strictly interpreting the language of this statute and disregarding fictitious defendants' citizenships without reference to any other factors. *See, e.g., Curry v. U.S. Bulk Transp., Inc.,* 462 F.3d 536, 539 (6th Cir. 2006); *Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 948 (6th Cir. 1994).

Smith argues that this "this restriction d[oes] not apply when the complaint provided a description of a fictitious defendant in such a way that his identity could not be reasonably questioned." *Musial v. PTC Alliance,* No. 5:08-CV–45R, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008) (citing *Marshall v. CSX Transportation Co., Inc.,* 916 F.Supp. 1150, 1152 (M.D.Ala.1995)).  This Court followed similar reasoning in *Harrison v. Allstate Indemnity Co.*, but in that case, the descriptions of the fictitious defendants were sufficient because defendants actually identified and named two of the Unknown Defendants.  No. 11-361-KKC, 2012 WL 1029437, at *2 (E.D. Ky. March 26, 2012).  Here, the descriptions are not.  The Complaint merely states that the Unknown Employees are "believed to be residents of the Commonwealth of Kentucky…[who] failed to make known the slippery substance on K-Mart floor before Mrs. Smith slipped…[and] were employees, agents, servants and representatives of K-Mart…" (DE 1-2 at ¶¶ 3, 13, 14).  Therefore, the Court will disregard the citizenship of the Unknown Employees.  As a result, there is a complete diversity, because Smith is a citizen of Kentucky, and Kmart is incorporated in Michigan and has its principal place of business in Illinois.

### B. Amount in Controversy

Kmart bears the burden of showing by a preponderance of the evidence that the Smith's demands met the amount in controversy requirement. *See* 28 U.S.C. § 1446(c)(2)(B); *Everett v. Verizon Wireless,* 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993), *abrogated on other grounds by Hertz Corp. v. Friend,* 130 S.Ct. 1181 (2010)). "The amount in controversy is determined by the allegations in the complaint. If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by the statute." *Suwala v. Progressive Ins. Co.,* No. Civ. A.2005–135, 2005 WL 2076490, at *2 (E.D. Ky. Aug. 25, 2005)(citing *Nat'l Nail Corp. v. Moore,* 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001)). Additionally, the minimum amount in controversy is satisfied if a "fair reading" of the complaint makes it more likely than not that damages exceed $75,000. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

In this matter, the Smith's state court Complaint did not include a specific amount of damages. (DE 1-2). The Complaint states only that "the damages suffered by Plaintiff are in excess of the jurisdictional limit of this Court and the United States District Court for the Eastern District of Kentucky." (*Id.* at 3.) The Complaint requests judgment "in an amount in excess of the jurisdictional limit of this Court and the United States District Court …" (*Id.* at 4.) The elements of damages include past and future mental and physical pain and suffering, past and future medical expenses, other miscellaneous expenses, including travel, and attorneys' fees. (*Id.*) Regarding the amount in controversy, the Notice of Removal states:

    a) Plaintiff has provided information to Kmart Corporation that she sustained a

4

torn meniscus in her knee which has required surgery and physical therapy;
b) Plaintiff's complaint avers she has sustained a permanent injury and has incurred medical bills in the past and will incur future medical bills;
c) Plaintiff's complaint also avers she has lost wages and has sustained a future impairment of his power to earn money;
d) A settlement demand of $115,000 was made by Plaintiff prior to her filing suit.

(DE 1, ¶ 3.) Considering the facts set forth in the Notice of Removal and that the Complaint specifically states that damages are "in excess of the jurisdictional limit" of federal courts, this Court finds that Kmart has shown that Smith's demands more likely than not exceed $75,000. This is a fair reading of the Complaint, and the facts set forth in the Notice of Removal support that reading. As a result, this Court has jurisdiction under 28 U.S.C. § 1332 because the controversy is between citizens of different states and the amount in controversy more likely than not exceeds $75,000.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (DE 6) is DENIED.

Dated this 19th of December, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge